UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BELL,
    Plaintiff,                        **DEMAND FOR JURY TRIAL**

v.

NORTHLAND GROUP, LLC,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, WILLIAM BELL, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN, and for his Complaint against the Defendant pleads as follows:

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## VENUE

2. Defendant's registered office address is in the City of Plymouth, Wayne County, Michigan.

3. Venue is proper in the Eastern District of Michigan, Southern Division.

## PARTIES

4. Plaintiff is a natural person residing in the Village of Garden, Delta County, Michigan.

5. The Defendant to this lawsuit is Northland Group, LLC, which is a Minnesota company that maintains a registered office in Wayne County, Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer debt in the amount $1,020.85 allegedly owed by Plaintiff to Capital One, N.A. for a Kohl's credit card ("the alleged Debt").

7. Plaintiff does not owe the alleged Debt because he settled his Kohl's credit card account ("the account") in 2011.

8. On October 26, 2011, Plaintiff settled the account for $657.01.

9. On or about October 27, 2011, Plaintiff received a letter from Kohl's confirming the settlement.

10. Since October 27, 2011, Plaintiff has incurred no further debt for the account.

11. On or about July 3, 2017, Plaintiff received a letter from Defendant attempting to collect the alleged Debt.

12. The letter stated that, on June 28, 2017, Capital One, N.A. authorized Defendant collect the alleged Debt on behalf of Capital One, N.A.

13. On July 11, 2017, at 8:41 pm, Plaintiff spoke a representative of Kohl's, who stated that it did not authorize Defendant to collect the alleged Debt.

14. On July 12, 2017, at 6:21 pm, Plaintiff spoke with one of Defendant's representatives.

15. On July 12, 2017, Plaintiff submitted a letter to Defendant explaining that the account was settled in 2011 and asked Defendant to provide authorization to collect the alleged Debt within 30 days.

16. To date, Northland Group has not responded to Plaintiff's letter.

17. Plaintiff has suffered pecuniary and emotional damages, as a result of Defendant's actions.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates the preceding allegations by reference.

19. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(2)(a) by misrepresenting the character, amount or legal status of any debt.  Defendant violated this provision by attempting to collect a debt that Plaintiff does not owe.

    b. 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt. Defendant violated this provision by attempting to collect a debt that Plaintiff does not owe.

    c. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant violated this provision by attempting to collect a debt that Plaintiff does not owe.

23. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II
## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

24. Plaintiff incorporates the preceding allegations by reference.

25. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

26. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

27. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision by attempting to collect a debt that Plaintiff does not owe..

   b. M.C.L. § 339.915f(ii) by misrepresenting the legal rights of the creditor or debtor. Defendant violated this provision by attempting to collect a debt that Plaintiff does not owe.

    c. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

28. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

29. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III
## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

30. Plaintiff incorporates the preceding allegations by reference.

31. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

32. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

33. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision by attempting to collect a debt that Plaintiff does not owe.

b. M.C.L. § 445.252(f)(ii) by misrepresenting the legal rights of the creditor or debtor. Defendant violated this provision by attempting to collect a debt that Plaintiff does not owe.

c. M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

34. Plaintiff has suffered damages as a result of these violations of the MCPA.

35. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

Dated: August 22, 2017

/s/ Gary Nitzkin
GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
CARL SCHWARTZ P70335
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com