UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BELL,

    Plaintiff,

v.

NORTHLAND GROUP,

    Defendant.

Case No. 17-12746
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

## OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12]

William Bell filed this lawsuit because Northland Group sent Bell a debt collection letter for a debt he settled several years ago. (R. 1.) Even though Northland Group ceased to pursue collection or otherwise contact Bell after Bell notified Northland Group that the debt had been settled, Bell now sues pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and its Michigan counterpart, the Michigan Occupational Code (MOC), M.C.L. § 339.901 *et seq*. (R. 1.)[1] Northland Group has moved for summary judgment. For the reasons that follow, Northland Group's motion is denied.

### I.

Around October 2011, Bell received a letter from Kohl's confirming that his Kohl's credit card debt had been settled. (R. 13, PID 94.)

Nearly six years later, in July 2017, Bell received a letter from Northland Group attempting to collect the debt, stating that Capital One, the entity that issued the Kohl's credit card, authorized

---

[1] Bell originally brought a claim under the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.*, but in Bell's response to Northland's Motion for Summary Judgment, he agreed to dismiss this claim. (R. 13, PID 95.)

Northland Group to collect the debt. (R. 12-3.) Shortly after, Bell sent Northland Group a letter stating that the debt was settled in 2011 and asking Northland Group to send him the authorization it received to collect the debt. (R. 13-3.) Northland Group did not send Bell the authorization, but it did cease all collection actions against Bell. (R. 12, PID 58.)

Bell claims that Northland Group's attempt to collect on non-existent debt violated three different provisions of the FDCPA: 15 U.S.C. § 1692e(2)(a), §1692e(10), and §1692f(1). (R. 1, PID 4.) Bell also asserts that this same action violated two provisions of the MOC: Michigan Compiled Laws § 339.915(e) and § 339.915(f)(ii). (R. 1, PID 5.) Lastly, he alleges that Northland Group violated Michigan Compiled Laws §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee. (R. 1, PID 6.)

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). When reviewing Northland Group's motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to Bell. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

## III.

### A.

Northland Group asserts that, because it relied in good faith on Capital One's information, it did not violate the FDCPA. Because it asserts that it did not violate the FDCPA, Northland Group

2

stresses that it is not relying on a *bona fide* error defense which allows debt collectors to avoid liability for a violation if it can show the violation was a result of a *bona fide* error. Northland Group's argument does not persuade.

A debt collector *can* violate provisions of the FDCPA, including § 1692e and § 1692f, even if it relies in good faith on the original creditor. The Sixth Circuit, along with others, holds that the FDCPA establishes a strict-liability regime. *See Kline v. Mortgage Electronic Registration Systems, Inc.*, 704 F. App'x 451 (6th Cir. 2017) ("[The FDCPA] is a strict liability statute unless a debt collector can show that the alleged violation was unintentional and resulted from a *bona fide* error"); *Gamby v. Equifax Info. Servs., LLC*, 462 F. App'x 552, 556–57 (6th Cir. 2012) (adopting the reasoning for why the FDCPA requires strict liability in finding that the parallel Michigan Collection Practice Act also imposes strict liability); *Kistner v. Law Offices of Michael P. Margelesky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) ("[The FDCPA] imposes strict liability for violations. 15 U.S.C. § 1692k(a). An exception to strict liability exists only where a debt collector commits a violation resulting from a 'bona fide error.' 15 U.S.C. § 1692k(c)."). Courts have so held because of the statute's explicit *bona fide* error defense. *See* 15 U.S.C. § 1692k(c); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175–76 (9th Cir. 2006); *Kline*, 704 F. App'x at 457. Under the *bona fide* error defense, a debt collector that violated the statute can avoid liability if it can show that the violation was not intentional and was a result of a *bona fide* error. 15 U.S.C. § 1692k(c); *Kline*, 704 F. App'x at 457 n.5. Because Congress included that defense, requiring that a violation itself "be knowing or intentional needlessly renders superfluous § 1692k(c)." *Clark*, 460 F.3d at 1175–76.

Despite § 1692k(c) and the precedent above, Northland Group maintains that, because it relied in good faith on the information it received from Capital One, it cannot have violated § 1692e

and § 1692f of the FDCPA. As support, Northland Group cites *Clark*, 460 F.3d at 1173–74 and *Rudek v. Frederick J. Hanna & Assocs. P.C.*, No. 08-288, 2009 WL 385804 (E.D. Tenn. Feb. 17, 2009).[2] But *Rudek* and the section of *Clark* that it cited concern what is sufficient for a collection agency to comply with § 1692g. *See Clark*, 460 F.3d at 1173–74; *Rudek*, 2009 WL 385804, at *2. Section 1692g concerns what information the collection agency has to provide the consumer if the consumer disputes the debt; it does not concern false or misleading representations or unfair practices. *See* 15 U.S.C. §§ 1692e and 1692f. Northland Group's argument that these cases show that good faith reliance on the creditors likewise puts debt collectors in compliance with the rest of the FDCPA rests on a misreading of the cases. *See Healy v. TransUnion LLC*, No. C09-0956, 2011 WL 1900149, at *8 (W.D. Wash. May 18, 2011) (finding that the very same argument put forth by the defendant was based upon a misreading of *Clark*, 460 F.3d at 1174); *Gonzalez v. Cullimore*, No., 20160373, 2018 WL 1057542, at * 6–7 (Utah Feb. 26, 2018) (finding that *Bleich v. The Revenue Maximization Grp., Inc.*, 233 F. Supp.2d 496 (E.D.N.Y. 2002), a case Northland Group relies on, "incorrectly applied § 1692g's standard to § 1692e—an action the *Clark* court expressly precluded."); *Clark*, 460 F.3d at 1176–77 (explaining that, with respect to § 1692e, "if a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors" because of the *bona fide* error affirmative defense and not because the debt collector did not commit a violation of the FDCPA). Because Northland Group's only argument necessarily confuses what is sufficient to comply with §1692g with the rest of the statute, it cannot show that it did not violate the FDCPA as a matter of law when it sent Bell a collection letter

---

[2] Northland Group also cites *Shapiro v. Haenn*, 222 F. Supp.2d 29, 44 (D. Me. 2002), but the section Northland Group quotes from *Shapiro* is embedded in a larger section discussing the merits of the defendant's *bona fide* error defense. *Id*. at 43–44. This case therefore does not support its argument.

4

falsely representing that he owed on a settled Kohl's debt. And because Northland Group disclaims reliance on the *bona fide* error defense, the Court cannot find that, in light of the FDCPA's strict liability standard, Northland Group is not liable for any violations as a matter of law. Northland Group is therefore not entitled to summary judgment. Northland Group also argues that, because Bell's FDCPA claims fail as a matter of law, so, too, should Bell's related MOC claims. (R. 12, PID 68–9.) But because Northland Group's argument fails as to Bell's FDCPA claims, it likewise fails for Bell's related MOC claims. *See Millsap v. CCB Credit Servs., Inc.*, No. 07-11915, 2008 WL 8511691, at *10 (E.D. Mich. Sept. 30, 2008).

**B.**

Next, Northland Group turns to Bell's claim that Northland Group failed to implement a procedure designed to prevent a violation. Northland Group thinks Bell's argument based on Michigan Compiled Laws § 339.915(q) fails as a matter of law.

In response, Bell asks the Court, pursuant to Federal Rule of Civil Procedure 56(d), to deny summary judgment to permit discovery on this claim. (R. 13, PID 100–01.) "It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (citing *Anderson*, 477 U.S. at 257 (1986)). Federal Rule of Civil Procedure 56(f) permits a district court to defer summary judgment, pending discovery, "if the non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

Here, Bell attached such a declaration. (R. 13-4.) In it, Bell's counsel states that Bell has not had the opportunity to conduct any discovery because Northland Group filed its motion for summary judgment just six days after the scheduling conference. (R. 13-4 PID 105.) Counsel

further articulates the need to conduct discovery specifically on Northland Group's procedures for Bell's § 339.915(q) claim. (R. 13-4, PID 106.)

Because Bell has had no opportunity to conduct discovery, let alone a "full opportunity," and because Bell attached a declaration pursuant to Rule 56(d) expressing the need for discovery (albeit not as detailed as the Rule might expect), the Court will deny summary judgment on this claim to allow at least some discovery. *See CenTra, Inc v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994); *see also Wells v. Corporate Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) (noting that "a motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's Rule 56(f) affidavit and request or on the court's own initiative without an explicit request from the opposing party.").

### IV.

For the foregoing reasons, Northland Group's motion for summary judgment is DENIED.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
Dated: April 16, 2018    U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2018.

s/Keisha Jackson
Case Manager